IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **RODGY LEE NESBY #01159956** | § | |
| | § | |
| **V.** | § | **A-23-CV-1101-DII** |
| | § | |
| **BOBBY LUMPKIN**[1] | § | |

## ORDER

Before the Court is Petitioner's petition for writ of habeas corpus. Petitioner previously filed a petition for writ of habeas corpus which was dismissed with prejudice as time-barred on April 10, 2007. *See Nesby v. Quarterman*, No. A-06-CV-1008-PMA (W.D. Tex.). The Fifth Circuit denied Petitioner a certificate of appealability. *See Nesby v. Quarterman*, No. 07-50575 (5th Cir. 2008).

Later, the Fifth Circuit denied Petitioner permission to file a successive petition for writ of habeas corpus on October 6, 2010 and February 1, 2011. *See In re: Nesby*, No. 10-50781 (5th Cir. 2010) and *In re: Nesby*, No. 10-51192 (5th Cir. 2011).

Petitioner also filed two subsequent applications for writ of habeas corpus without permission which were dismissed without prejudice for want of jurisdiction. *See Nesby v. Davis*, No. A-18-CV-847-LY (W.D. Tex. Oct. 16, 2018) and *Nesby v. Richardson*, No. A-18-CV-1123-LY (W.D. Tex. Jan. 2, 2019). Petitioner appealed the second dismissal, and the Fifth Circuit denied Petitioner a certificate of appealability. *Nesby v. Davis*, No. 19-50092 (5th Cir. Dec. 20, 2019). The Fifth

---

[1] Bobby Lumpkin, the current Correctional Institutions Division Director, is the proper respondent and is substituted.

1

Circuit warned Petitioner that frivolous, repetitive, or otherwise abusive filings challenging his conviction and sentence will invite the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in that court and any court subject to its jurisdiction.

Despite the warning, Petitioner files yet another successive petition for writ of habeas corpus. As the Court previously explained, 28 U.S.C. § 2244(b) provides before a second or successive petition for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3).

Pursuant to § 2244(b), the Court finds this successive application for writ of habeas corpus should be dismissed, because Petitioner has not obtained prior approval to file a successive habeas corpus petition. *See United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding district court does not have jurisdiction to consider successive § 2255 motion and remanding to district court with instructions to dismiss successive motion for want of jurisdiction).

It is therefore **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and this case is **CLOSED**.

It is further **ORDERED** that a certificate of appealability is denied.

**SIGNED** on September 15, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE